

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS L. SWITZER, ) | |
| Plaintiff, ) | Civil Action No. 5:09cv00075 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CREDIT ACCEPTANCE CORPORATION ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

*Pro se* plaintiff, Thomas L. Switzer, who is proceeding *in forma pauperis*, has brought this suit to vacate an arbitration award in favor of Credit Acceptance Corporation ("Credit Acceptance") and Credit Acceptance has moved to confirm the award. Switzer is a citizen of Virginia, and Credit Acceptance is a Michigan corporation with its principal place of business in that state. See Credit Acceptance Corp. v. Davisson, 644 F. Supp. 2d 948, 949 (N.D. Ohio 2009). Earlier, Switzer sued Credit Acceptance in this court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692o (2006), and Virginia law. Credit Acceptance filed a motion to stay the litigation pending the binding arbitration required by the parties' retail installment contract. The court concluded that all issues raised were subject to arbitration, ordered the parties to arbitration, and dismissed the suit instead of staying it.[1] After the arbitrator entered an award for Credit Acceptance, Switzer filed this suit to vacate the award,[2] and Credit

---

[1] Following arbitration, Switzer filed a motion to vacate the arbitrator's award, and Credit Acceptance filed a motion to confirm it. The court held that it lacked jurisdiction to reopen the case since the case had been dismissed but informed the parties that they could address the validity of the arbitrator's award by initiating a new civil proceeding. Switzer v. Credit Acceptance Corp., 5:08cv00071 (W.D. Va. September 2, 2009).

[2] Under the Federal Arbitration Act ("FAA"), an application to vacate an award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6 (2006). Fed. R. Civ. P. 81(a)(6)(B) provides that the Federal Rules of Civil Procedure apply to proceedings brought under the FAA "only to the extent" that matters of procedure are not

Acceptance moved to confirm it.

The court addresses its jurisdiction *sua sponte*, and concludes that it has jurisdiction and that the facts Switzer alleges do not support vacating the arbitrator's award. Therefore, the court denies Switzer's motion to vacate the award and grants Credit Acceptance's motion to confirm it.[3]

I.

Switzer filed suit in this court against Credit Acceptance seeking compensatory and punitive damages in excess of $1,000,000 for various claims arising out of the purchase and alleged forcible repossession of an automobile that Switzer financed through Credit Acceptance. By his own admission, Switzer was "frequently late" with his payments, and his account was in

---

provided for in the FAA. Deiulemar Compagnia Di Navigazione S.P.A., v. Pacific Eternity, S.A., 198 F.3d 473, 481 (4th Cir. 1999); see also Health Servs. Mgmt. Corp. v. Hughes, 975 F.2d 1253, 1258 (7th Cir. 1992); Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2d Cir. 1994). The FAA does "not permit a party to initiate a challenge to an arbitration award by filing a complaint"; instead, a request for relief should be made in the form of a motion. ANR Coal Co., Inc. v. Cogentrix of N.C., Inc., 173 F.3d 493, 497 (4th Cir. 1999); see also IFC Interconsult, AG v. Safeguard Intern. Partners, LLC, 438 F.3d 298, 308 (3d Cir. 2006); Productos, 23 F.3d at 46; O.R. Secs., Inc., v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 745 (11th Cir. 1988).

"The manner in which an action to vacate an arbitration award is made is obviously important." O.R. Secs., Inc., 857 F.2d at 745. If the application to vacate the award may be brought in the form of a complaint, and the defending party does not prevail on its motion to dismiss, "the proceeding . . . would develop into full scale litigation, with the attendant discovery, motions, and perhaps trial." Id. The purpose of the FAA, however, is to "relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." Id. Nevertheless, "[t]he liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion." Id. at 746 (citations omitted); see also ANR Coal, 173 F.3d at 497.

[3] Under § 9 of the FAA, a court "must confirm an award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008) (internal citations omitted).

2

"collections." (Orig. Compl. at 3.) Switzer alleged he received numerous harassing telephone calls, which he claimed violated the FDCPA and Virginia law. Switzer further alleged that Credit Acceptance's repossession agent harassed him and his family and "breached the peace" in violation of the Uniform Commercial Code when the agent forcibly repossessed the vehicle.

The court concluded that all issues were subject to binding arbitration, ordered the parties to arbitrate, and dismissed the suit. The parties proceeded to arbitration, and the arbitrator issued an award denying Switzer's claims and finding instead that Switzer was liable to Credit Acceptance under the contract for damages of $2,560.33 plus interest, collection costs of $478.83, and attorney's fees of $4,725.

## II.

Neither of the parties directly questions the court's jurisdiction, but the court *sua sponte* examines whether it has jurisdiction and concludes that, because the parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The Federal Arbitration Act ("FAA") does not create federal question jurisdiction in and of itself, so if the court is to have jurisdiction in this case, it must have an independent jurisdictional basis like diversity of citizenship.[4] See Moses H. Cone Mem'l Hosp. v. Mercury

---

[4] The court notes that the Fourth Circuit has not addressed whether the existence of federal claims in the arbitration request is sufficient to establish federal question jurisdiction over a separate action to vacate or confirm an arbitration award. It has held, however, that in actions *to compel* arbitration, "a federal court possesses subject matter jurisdiction over a case when the controversy underlying the arbitration agreement presents a federal question." Discover Bank v. Vaden, 396 F.3d 366, 369 (4th Cir. 2005).
District courts within the Fourth Circuit are split as to whether Vaden extends to actions brought pursuant to 9 U.S.C. §§ 9 and 10. The Eastern District of Virginia recently held that Vaden was based exclusively on the language of 9 U.S.C. § 4, language that is noticeably absent

3

Constr. Co., 460 U.S. 1, 25 n. 32 (1983); Choice Hotels Int'l, Inc. v. Shiv Hospitality, LLC, 491 F.3d 171, 175 (4th Cir. 2007). Diversity jurisdiction exists when there is complete diversity, and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. Although the Fourth Circuit has not adopted an approach for determining the amount in controversy for diversity purposes when a party seeks to confirm or vacate an arbitration award,[5] it has noted three possibilities: (1) the award approach, which determines the amount in controversy by the amount of the underlying arbitration award regardless of the amount sought;[6]

---

in both §§ 9 and 10. Accordingly, the Eastern District sided with many of the other circuit courts and found that "the existence of underlying federal claims is not sufficient to convey federal subject matter jurisdiction to entertain a motion to confirm or vacate an arbitration award." Med-Tel Int'l Corp. v. Loulakis, 403 F. Supp. 2d 496, 500 (E.D. Va. 2005). The Western District of North Carolina, on the other hand, appears to have applied Vaden to separate actions to vacate or confirm an arbitration award under §§ 9 and 10. See TC Arrowpoint, L.P. v. Choate Construction Co., 2005 WL 2148934 * 2 (W.D. N.C. September 7, 2005) ("[T]he party asserting jurisdiction must demonstrate that if there were no agreement to arbitrate, a federal court would have jurisdiction of the subject matter of a suit arising out of the controversy between the parties.") (internal citations omitted). The court notes that, as there is diversity jurisdiction in this case, it need not decide whether the existence of federal claims in the underlying arbitration would be sufficient to establish federal question jurisdiction over a separate action to vacate or confirm the award.

[5] Though the Fourth Circuit has not decided what constitutes the amount in controversy when a party seeks to *vacate* an arbitration award, the court notes that it has indicated that in a suit to *compel* arbitration, "the question of jurisdictional amount may be determined by reference to the *possible* award resulting from the requested arbitration." Delta Fin. Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301, 304 (4th Cir. 1992) (emphasis added).

[6] The Sixth and Eleventh Circuits have followed the award approach, see Ford v. Hamilton Invs., Inc., 29 F.3d 255, 260 (6th Cir. 1994); Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1472 (11th Cir. 1997), although more recently, the Eleventh Circuit appears to have adopted the remand approach. See Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc., 431 F.3d 1320, 1325-26 (11th Cir. 2005).

(2) the demand approach, which looks to the amount sought in the underlying arbitration;[7] and (3) the remand approach, which looks to what is at stake in the arbitration if the plaintiff seeks to reopen the arbitration.[8] See Shiv Hospitality, 491 F.3d at 175; Karsner v. Lothian, 532 F.3d 876, 882 (D.C. Cir. 2008).

The award approach has been criticized for failing to recognize that the amount awarded at arbitration does not necessarily reflect what is actually at stake. See Karsner, 532 F.3d at 883. It may not reflect, for example, the value of what remains in controversy should the court not enforce the award. In contrast, the demand approach acknowledges the "close connection between arbitration and subsequent enforcement proceedings," Bull HN Info. Sys. Inc. v. Hutson, 229 F.3d 321, 329 (1st Cir. 2000), and appropriately takes into account that the amount awarded may not reflect the amount in controversy. See Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 663 (9th Cir. 2005) (The Ninth Circuit, employing the demand approach, emphasized that "[i]t is the amount *in controversy* which determines jurisdiction, not the amount of the award.") (internal citations omitted) (emphasis added). The remand approach shares this analytical underpinning.

Here, Switzer sought more than $75,000, and he sought more than $75,000 before the arbitrator. He now seeks to vacate the arbitrator's award, effectively restoring the *status quo*

---

[7] The Ninth, First, and D.C. Circuits adhere to the demand approach. See Theis Research, Inc. v. Brown & Bain, 400 F.3d 659, 664-65 (9th Cir. 2005); Bull HN Info. Sys. Inc. v. Hutson, 229 F.3d 321, 328-30 (1st Cir. 2000); Karsner v. Lothian, 532 F.3d 876, 884 (D.C. Cir. 2008).

[8] The remand approach applies in cases where the petition "includes a request to remand and reopen the arbitration proceeding." Karsner, 532 F.3d at 882.

*ante*. Under these circumstances, the Court concludes that the amount in controversy requirement has been satisfied, and, as the parties are diverse, there is diversity jurisdiction.

### III.

Switzer maintains that the court should vacate the arbitrator's award because, Switzer alleges, (1) the award was obtained through "unlawful means such as perjury and obstructing justice," (2) the arbitrator was not impartial, and (3) the arbitrator refused to hear vital evidence. (New Compl. at 1.) Switzer also makes a nonsensical argument that the arbitrator exceeded her authority in that the award she made was not within this court's jurisdiction because the award was for less than $75,000 in a diversity proceeding. In response to Switzer's motion to vacate, Credit Acceptance filed a motion to confirm the arbitrator's award. The court finds that the facts alleged do not support vacating the arbitrator's award. Accordingly, the court denies Switzer's motion to vacate the award and grants Credit Acceptance's motion to confirm it.

As all relief under the FAA must be sought in the form of a motion, the notice pleading rules of Fed. R. Civ. P. 8 do not apply to proceedings to vacate or confirm an award. See O.R. Secs., Inc., v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 748 (11th Cir. 1988); Productos Mercantiles E Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2d Cir. 1994). Instead, the standard, which is established by the FAA, is whether the facts the movant has marshaled in his motion papers are sufficient to support vacating or confirming the award.[9] Id.

---

[9] The court notes that this rule predates Twombly and Iqbal and derives from the FAA not the Federal Rules of Civil Procedure. Under Twombly and Iqbal, plaintiffs have an obligation to provide the grounds of their entitlement to relief, which "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level," meaning the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "'Threadbare recitals of the elements of a cause of

The FAA permits parties who have agreed "that a judgment of the court shall be entered upon the award made pursuant to the arbitration" to ask the appropriate court to confirm the award, unless it has been vacated, modified, or corrected as defined in §§ 10 and 11. 9 U.S.C. § 9 (2006). However, a district court's authority to review an arbitration award is "substantially circumscribed." Choice Hotels Intern., Inc. v. SM Prop. Mgmt., LLC, 519 F.3d 200, 206 (4th Cir. 2008) (citing Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006)). In fact, it is "among the narrowest known at law" because allowing "full scrutiny" of arbitration awards would "frustrate the purpose" of arbitration, that is, "the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." Choice Hotels, 519 F.3d at 206-07 (citing Three S Delaware, Inc. v. DataQuick Info. Sys., Inc., 492 F.3d 520, 527 (4th Cir. 2007)). Accordingly, "in reviewing such an award, 'a district or appellate court is limited to determine whether the arbitrators did the job they were told to do-not whether they did it well, or correctly, or reasonably, but simply whether they did it.'" DataQuick, 492 F.3d at 527 (citing Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994)). The Supreme Court has indicated that the power to vacate an award under the FAA is limited to the grounds provided in § 10 of the statute. See Wilko v. Swan, 346 U.S. 427, 436 (1953) (*overruled* on other grounds); Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 582 (2008). The Fourth Circuit has likewise found that "[i]n order for a reviewing court to vacate an arbitration award, the moving party must

---

action, supported by mere conclusory statements, do not suffice' to plead a claim." Walker v. Prince George's County, 573 F.3d 426, 431 (4th Cir. 2009) (O'Connor, J.) (citing Iqbal, 129 S.Ct. at 1949). Accordingly, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" The court notes that the result reached if these pleading standards are applied to this case is the same result that is reached applying the FAA standard. Under either approach, Switzer's allegations do not support vacating the award.

sustain the heavy burden of showing one of the grounds specified in [§ 10 of the FAA] . . . ."

DataQuick, 492 F.3d at 527. Section 10(a) of the FAA provides that:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

### A.

The facts Switzer marshals to support his claim that Credit Acceptance procured its award through "unlawful means such as perjury and obstructing justice" do not support his motion to vacate that award. Switzer claims that the repossession agent made false statements in his sworn affidavits implying that Switzer had been drinking around the time of the repossession. Switzer argues that the arbitrator gave full weight to that evidence despite the fact that no other witnesses mentioned anything about Switzer drinking. The argument is a non-starter. The argument is not only collateral, it is the quincentennial credibility argument to be made to the contractually agreed upon fact-finder, the arbitrator. It is not grist for vacating the award.

The FAA provides that a court may vacate an award that was procured by "corruption, fraud, or *undue means*." 9 U.S.C. § 10(a) (emphasis added). "Undue means" has been

interpreted to denote something akin to fraud or corruption. See DataQuick, 492 F.3d at 529; Nat'l Cas. Co. v. First State Ins. Group, 430 F.3d 492, 499 (1st Cir. 2005) ("The best reading of the term 'undue means' . . . is that it describes underhanded or conniving ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either."). To prevail on a motion to vacate on the grounds of fraud, the movant must establish fraud by clear and convincing evidence. See O.R. Secs., Inc., 857 F.2d at 748; Int'l Brotherhood of Teamsters, Local 519 v. United Parcel Service, Inc., 335 F.3d 497, 503 (6th Cir. 2003); MidAmerican Energy Co. v. Int'l Brotherhood of Electrical Workers Local 499, 345 F.3d 616, 622 (8th Cir. 2003); RZS Holdings AVV v. PDVSA Petroleos S.A., 598 F. Supp. 2d 762, 771 (E.D. Va. 2009). He must also demonstrate that the fraud was not discoverable "upon the exercise of due diligence prior to or during the arbitration," and he must show that the alleged fraud "materially related to an issue in the arbitration." O.R. Secs., Inc., 857 F.2d at 748; see also Int'l Brotherhood, 335 F.3d at 503; MidAmerican, 345 F.3d at 622; RZS Holdings, 598 F. Supp. 2d at 771.

Switzer claims that the repossession agent made a false statement and that the arbitrator relied on that statement when making the award, which according to Switzer, constitutes fraud. These factual allegations, however, amount to nothing more than an attack on the witness's credibility and the arbitrator's assessment of it. They are not sufficient to establish fraud and corruption so as to call into question the arbitrator's award. If they were, every finding of fact based upon conflicting testimony would be subject to further review in court. Switzer has not even remotely demonstrated that the alleged falsity of the agent's statement was not discoverable by him during the arbitration proceedings. Nor has he demonstrated that the alleged fraud

materially impacted an issue in the arbitration. See O.R. Secs., Inc., 857 F.2d at 748.
Accordingly, Switzer has not established fraud by clear and convincing evidence. Therefore, the court finds that the facts alleged do not support vacating the arbitrator's award under § 10(a)(1).

## B.

Switzer claims that the court should vacate the award because the arbitrator was not impartial. According to Switzer, the arbitrator was partial to Credit Acceptance because she did not credit his evidence, ignored his requests for subpoenas, and refused to allow live testimony unless there were conflicting affidavits, which Switzer maintains there were. These allegations fall far short of establishing that the arbitrator was not impartial.

To establish an arbitrator's partiality under 9 U.S.C. § 10(a)(2), the movant must "demonstrate that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration." ANR Coal Co., Inc. v. Cogentrix of N.C., Inc., 173 F.3d 493, 500 (4th Cir. 1999). There are four factors the court should consider to determine partiality:

> (1) the extent and character of the personal interest, pecuniary or otherwise, of the arbitrator in the proceedings;
> (2) the directness of the relationship between the arbitrator and the party he is alleged to favor;
> (3) the connection of that relationship to the arbitrator; and
> (4) the proximity in time between the relationship and the arbitration proceeding.

Id. When assessing those factors, "the court should determine whether the asserted bias is direct, definite and capable of demonstration rather than remote, uncertain or speculative and whether the facts are sufficient to indicate improper motives on the part of the arbitrator." Id.

Here, Switzer does not allege that the arbitrator had a relationship with a party (Credit Acceptance), let alone an improper one. The factual allegation that the arbitrator did not give

weight to Switzer's evidence is conclusory and nothing more than his opinion, and his allegations that the arbitrator ignored his requests for subpoenas and refused to allow certain live testimony in no way demonstrate that her actions were taken to favor Credit Acceptance. Accordingly, the court finds that the motion does not support vacating the award under § 10(a)(2).

### C.

Switzer also alleges that the court should vacate the award because the arbitrator committed misconduct by refusing to hear evidence that he claims was "vital" to his case. (New Compl. at 2.) Switzer points to nothing, however, demonstrating that the arbitration proceeding was fundamentally unfair, and like his other claims, the claim is bereft of factual support.

Section 10(a)(3) permits a court to vacate an arbitrator's award if the arbitrator commits misconduct in a manner that prejudices the parties' rights. A court may vacate an arbitration award for refusing to hear evidence "only if the arbitrator's refusal to hear pertinent and material evidence deprives a party . . . of a fundamentally fair hearing." See DataQuick, 492 F.3d at 530-531; see also UMWA v. Marrowbone Dev. Co., 232 F.3d 383, 388 (4th Cir. 2000); Hoteles Condado Beach, La Concha & Convention Ctr. v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir. 1985).

Here, although Switzer alleges that the arbitrator refused to hear vital evidence, he neither details the material evidence the arbitrator supposedly refused to hear nor demonstrates that his rights were prejudiced as a result. Therefore, the court finds that the facts alleged do not support vacating the arbitrator's award under § 10(a)(3).

### D.

Lastly, Switzer makes a nonsensical claim that the arbitrator exceeded her authority in

making the award because the award is less than $75,000, which is not within this court's diversity jurisdiction. The claim is frivolous.

When evaluating if an arbitrator has exceeded her authority, courts must resolve "any doubts concerning the scope of arbitrable issues as well as any doubts concerning the scope of the arbitrator's remedial authority . . . in favor of the arbitrator's authority as a matter of federal law and policy." <u>Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.</u>, 991 F.2d 141, 147 (4th Cir. 1993). Here, Switzer fails to point to any provision limiting the arbitrator's powers or authority in the manner he suggests. Accordingly, the court finds that the facts alleged do not support vacating the arbitrator's award under § 10(a)(4).

### IV.

For the reasons stated, the court denies Switzer's motion to vacate the award and grants Credit Acceptance's motion to confirm it.

**ENTER:** This 27th day of January 2009.

_____
UNITED STATES DISTRICT JUDGE